UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONY ONTIA BROWN, | Case No. 2:17-cv-00387-GMN-CWH |
| Petitioner, | ORDER |
| v. | |
| TIMOTHY FILSON, *et al.*, | |
| Respondents. | |

Before the court is respondents' motion to dismiss (ECF No. 28) in response to petitioner Brown's first amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No 18). With their motion, respondents contend that Brown's original petition is untimely, and that his amended petition contains claims that were not fairly presented in state court and are conclusory. For reasons that follow, the court will grant the motion and dismiss this case with prejudice.

I. BACKGROUND[1]

On December 22, 2011, a judgment of conviction was entered against Brown in the Eighth Judicial District Court for Nevada that imposed multiple concurrent sentences of life without possibility of parole under Nevada's large habitual criminal statute. Brown timely appealed the conviction. He also filed a pro se post-conviction petition in the state district court that was denied for lack of jurisdiction due to his pending direct appeal.

---

[1] The following background information is based on exhibits filed at ECF Nos. 19-23, 29, and 30.

On September 26, 2013, the Nevada Supreme Court entered an order affirming Brown's judgment of conviction. The court subsequently denied Brown's petition for en banc reconsideration on January 24, 2014.

On December 4, 2014, Brown filed a counseled petition for post-conviction relief in the state district court. After a change in counsel, he filed a supplemental petition that was denied. On appeal, the case was transferred to the Nevada Court of Appeals, which affirmed the lower court. A remittitur concluding that proceeding was issued on June 13, 2016.

Brown initiated this federal habeas proceeding on February 4, 2017.

II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Here, Brown concedes that he filed this habeas action 95 days after the expiration of AEDPA's one-year filing period.[2] He argues, however, that he is entitled to equitable tolling of the statute of limitations due to attorney misconduct. Specifically, he alleges that the attorney representing him on direct appeal in the state court failed to timely notify him that his appeal had concluded. According to Brown, the statutory period should be equitably tolled from the date his conviction became final (April 24, 2014) until the date he alleges counsel first notified him his direct appeal had been denied (December 4, 2014).

---

[2] Based on its calculation, this court finds the petition herein was filed 97 days late. For purposes of the following analysis, however, the distinction matters not.

2

Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Brown fails to meet the standard for equitable tolling. Despite his allegations to the contrary, his proffered evidence does not conclusively show that counsel failed to notify him of the status of his appeal. He offers no declaration of his own, and his direct appeal attorney's declaration merely states as follows:

> On 12/04/14 I received a telephone call from Mr. Brown asking the status of his appeal. I was surprised because his appeal was denied on 01/24/14 and I thought he had received our paperwork regarding this matter. Because of the limited time period for the filing, I agreed to refile his previously filed Writ of Habeas in June and September 2013.

ECF No. 33-1, p. 3. In the absence of any other probative evidence on the issue, it is not clear that counsel was at fault for Brown not being timely notified that his direct appeal was no longer pending.[3]

Even if counsel, through oversight or negligence, failed to notify Brown of the appeal denial until December 4, 2014, that alone is not "unprofessional attorney

---

[3] To support an allegation that he was "kept in the dark by his appellate attorney," Brown points to a statement in his supplemental habeas petition that he "had no information provided to him as to the 'briefing' in Nevada Supreme Court case number 60082." ECF No. 32, p. 3-4. However, that petition was signed by Brown on September 9, 2012, more than two weeks prior to counsel filing Brown's opening brief on direct appeal. ECF No. 21-8; ECF No. 21-9, p. 8.

3

conduct" that may "prove 'egregious' and can be 'extraordinary.'" *Holland*, 560 U.S. at 651. There is no showing that counsel failed to respond to any prior inquiries from Brown regarding the status of his appeal. *Cf. Holland*, 560 U.S. at 652 ("[Counsel] failed to communicate with his client over a period of years, despite various pleas from Holland that [counsel] respond to his letters."); *Gibbs v. Legrand*, 767 F.3d 879, 887 (9th Cir. 2014). ("[Counsel] failed to communicate with Gibbs 'over a period of years,' despite repeated efforts by Gibbs to engage him."). And, the fact that counsel filed Brown's state post-conviction petition the same day as Brown's inquiry demonstrates that she did not "abandon" him. ECF No. 33-1; *see Maples v. Thomas*, 565 U.S. 266, 282 (2012) (adopting Justice Alito's concurring opinion in *Holland*, which "homed in on the essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client"); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (applying Alito's distinction to equitable tolling claim). Indeed, counsel's swift response to the inquiry tolled the statute of limitations with 140 days of the one-year federal filing period still remaining.

In sum, the evidence before the court falls well short of establishing that this is "an 'extraordinary' instance in which petitioner's attorney's conduct constituted far more than 'garden variety' or 'excusable neglect.'" *Holland*, 560 U.S. at 652. Equitable tolling has been denied in cases of attorney error significantly more egregious than any demonstrated here. *See, e.g., Miranda*, 292 F.3d at 1067–68 (attorney's erroneous advice to client regarding the date his limitations period ended held not to constitute an extraordinary circumstance); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney's miscalculation of the limitations period and negligence in general held not to warrant equitable tolling, because a lawyer's mistake is not an extraordinary circumstance). Having concluded there was no extraordinary circumstance that prevented Brown from timely filing his federal petition, the court declines to address the other prong of the equitable tolling test – i.e., whether Brown pursued his rights diligently.

4

III. CONCLUSION

Brown's petition is time-barred and shall be dismissed with prejudice on that basis. Accordingly, the court will not address the respondents' contentions regarding exhaustion and inadequate pleading.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 28) is GRANTED. The amended petition for writ of habeas corpus (ECF No. 18) is DISMISSED with prejudice. The Clerk of Court shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied, as reasonable jurists would not find the court's dismissal of this case debatable or wrong.

DATED THIS  9  day of ___July___, 2019.

_____
UNITED STATES DISTRICT JUDGE